**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ken Gazian, et al., | No. CV-13-01312-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

Plaintiffs Ken Gazian, Pierre Investments, Inc., and Aragadz Foods, Inc. d/b/a Devanche Jewelers, along with cross-defendants Hubert Kelly and Kelly & Kelly, P.C. (collectively the "Kelly Defendants"), have filed a motion to strike Defendant Wells Fargo Bank NA's answer and crossclaim (Doc. 56).  Doc. 76.  Plaintiffs have also filed a second motion for leave to file a second amended complaint.  Doc. 77.  The motions are fully briefed.[1]

**I.     Motion to Strike.**

Plaintiffs and the Kelly Defendants argue that the Court should strike Wells Fargo's answer and crossclaim because it was filed after the October 28, 2013 deadline for joining parties, amending pleadings, and filing supplemental pleadings.  Doc. 76 at 3.  The answer and crossclaim was filed on November 15, 2013 (Doc. 56), was a timely response to Plaintiff's amended complaint filed on October 28, 2013 (Doc. 51), and was

---

[1] Plaintiffs' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    not an amended or supplemental pleading.  The October 28, 2013 deadline therefore did

2    not apply and Wells Fargo was not required to show good cause.

3    **II.    Motion to Amend.**

4           The Court denied Plaintiffs' previous motion to amend because it was filed after

5    the deadline for amending pleadings and Plaintiffs failed to address the good cause

6    requirement of Rule 16 for extending a case management deadline.  Doc. 73.  Plaintiffs'

7    renewed motion to amend does address the good cause standard.  It asserts that Plaintiffs

8    had no need to amend and narrow their claims until Wells Fargo asserted a crossclaim

9    against the Kelly Defendants on November 15, 2013.

10          Rule 16's good cause standard primarily considers the diligence of the party

11   seeking the amendment.  *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th

12   Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably

13   be met despite the diligence of the party seeking the extension.'"  *Id.* (quoting Fed. R.

14   Civ. P. 16 advisory committee notes (1983 amendment)).

15          The Court is persuaded that Plaintiffs' need to amend their complaint arose from

16   Wells Fargo's crossclaim.  Plaintiffs sought leave to file a responsive second amended

17   complaint three weeks later (Doc. 59), which was reasonably diligent.  The fact that

18   Plaintiffs waited four weeks after the Court denied their motion to amend before filing

19   the present motion does not alter this conclusion; the Court is not persuaded that a delay

20   of four weeks shows a lack of diligence sufficient to defeat good cause.

21          **IT IS ORDERED** that Plaintiffs' and the Kelly Defendants' motion to strike

22   (Doc. 76) is **denied** and Plaintiffs' motion for leave to file a second amended complaint

23   (Doc. 77) is **granted**.  Plaintiffs shall file their amended complaint on or before

24   **June 4, 2014.**

25          Dated this 29th day of May, 2014.

26

27

28
                                    _____
                                            David G. Campbell
                                         United States District Judge

- 2 -