**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ken Gazian, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank NA,<br><br>      Defendant. | No. CV-13-01312-PHX-DGC<br><br>**ORDER** |

Two days before the final pretrial conference, Plaintiffs filed a motion asking the Court to reopen discovery and to sanction Defendant Wells Fargo. Doc. 213. Plaintiffs base their motion on emails that Wells Fargo recently produced. They argue that the emails are key evidence in support of their claim that Wells Fargo committed fraud, and that the emails should have been produced earlier. After reviewing the parties' briefing on this issue, the Court will allow limited additional discovery as set forth below.

**I. Background.**

Plaintiffs in this case are Ken Gazian, Pierre Investments, Inc., and Aragadz Foods, Inc., d/b/a Devanche Jewelers. Gazian is a Texas resident and both Pierre and Devanche are Texas corporations wholly owned by Gazian. Plaintiffs originally brought this action against Wells Fargo, Kelly & Kelly PC, and Hubert Kelly based on an allegedly fraudulent scheme perpetrated by the Kelly Defendants. Plaintiffs allege that $80,000 was transferred to the Kelly Defendants' Wells Fargo account for the "purchase

of securities allegedly posted on the London Stock Exchange." Doc. 101, ¶ 10. The securities transaction was represented "as having a total value in excess of $45,000,000," and Plaintiffs were to receive "a return of $280,000." *Id.*

Plaintiffs allege that they "sought assurance from Wells Fargo" that the Kelly Defendants were legitimate business people and were in the process of putting together a large securities transaction. *Id.* Wells Fargo employees from a branch in Mesa, Arizona allegedly represented to Plaintiffs "on multiple occasions that there was a transaction being put together for the purchase of the securities, that funds were present for the purchase of securities, and that Wells Fargo had undertaken numerous successful transactions" with the Kelly Defendants. *Id.*, ¶ 11.

Plaintiffs assert that they were convinced by the Kelly Defendants in October 2011 to reinvest $250,000 of the promised $280,000 to "fund a $5,000,000 loan to purchase and renovate the Park Plaza Tower," an office building in Dallas. *Id.*, ¶ 16. Plaintiffs also agreed to pay an additional $50,000 to fund the transaction. *Id.* Plaintiffs assert that on November 29, 2011, when they attempted to withdraw $30,000 and transfer $250,000 to the Kelly Defendants as agreed, they "were informed by Wells Fargo that the accounts had been emptied and that Wells Fargo would not transfer any amount to Plaintiffs pursuant to the Irrevocable Commitment." *Id.*, ¶ 21.

The Court dismissed the Kelly Defendants from this case pursuant to stipulation. Docs. 58, 151. The primary claims that remain are Plaintiffs' claims that Wells Fargo knowingly or negligently made false representations to Plaintiffs that the Kelly Defendants were "reputable businessmen" and that their transactions were "legitimate." Doc. 101, ¶¶ 30-63.

**III.   Relevancy of the Email.**

On February 10, 2015, more than eight months after the close of discovery, Wells Fargo disclosed to Plaintiffs a set of emails. Plaintiffs argue that one of these emails, from Patrick Brown, strongly supports their claim that Wells Fargo committed fraud by failing to inform them that transactions with the Kelly Defendants were suspect. The

email states:

> From: BROWN, Patrick [Wells Fargo]
> Sent: Tue 8/2/2011 5:36:42 PM
> Re: HSBC Bank Guarantee Registration Number BH5843[.]
>
> I have conducted a review on the signor, Craig Cason, for this account, [redacted]7443 – Increase Capital Investments LLC and found several items of concern . . .
>
> - This individual has been investigated by the SEC for securities violations and accusations of fraud.
>
> - The address on the account is a virtual office that can be rented for $50/month, used frequently by shell companies to give the appearance of legitimacy even though no actual business is conducted there.
>
> - The client has filed multiple bankruptcies and has several outstanding judgments (some in excess of $100K), which is not consistent with someone purporting to have $250mil in assets.
>
> Please do not process the receipt of this security. We will be restricting the account and referring the matter to our Security Fraud group. Additionally, please DO NOT disclose this information to the client or the outcome of our review. Please advise the client that we cannot assist him with his request.

Doc. 213-3 at 2. The parties disagree on the relevance of this email. Plaintiffs argue that the Brown email proves Wells Fargo knew the securities transaction underlying Plaintiffs' deal with the Kelly Defendants was fraudulent. Wells Fargo argues that the email concerns a securities transaction different from the transaction that formed the basis for Plaintiffs' deal with the Kelly Defendants, and that Wells Fargo produced the email only out of an abundance of caution.

Although the Court cannot conclude at this stage that the email from Patrick Brown concerned the securities transaction underlying Plaintiffs' deal with the Kelly Defendants, the email is relevant to Plaintiffs' claims. Wells Fargo employee Randy Lucero was a recipient of the Brown email. Lucero was also the person who talked with Plaintiffs about their concerns regarding the propriety of transactions with the Kelly Defendants. The email suggests that an affiliate of the Kelly Defendants in a securities transaction (Cason) may be a shady character. Lucero's knowledge of this fact is

1 relevant to whether he should, as Plaintiffs allege, have assured them that the Kelly
2 Defendants were engaged in a legitimate transaction. In addition, a separate email sent
3 by the Kelly Defendants to Lucero uses the same HSBC Bank registration number
4 mentioned in the Brown email, suggesting that the Brown email may in fact have been
5 addressing the same transaction that formed the basis for Plaintiffs' deal with the Kelly
6 Defendants. Doc. 213-4 at 8.

7 The email is probative of Plaintiffs' claim that Wells Fargo knew the Kelly
8 Defendants' business dealings were not legitimate. The email and related documents
9 should have been disclosed by Wells Fargo during discovery in this case. The email is
10 responsive to Plaintiffs' Requests for Production No. 4 ("All documents evidencing your
11 relationship with Kelly & Kelly, Kelly, or Miko Wady, including all documents
12 identified by you in your response to Plaintiff Ken Gazian's interrogatory No. 5-7"), and
13 No. 18 ("All documents evidencing any investigations, background checks . . . or due
14 diligence you performed on Hubert Kelly, Kelly & Kelly . . . or anyone else involved in
15 the Transactions[.]"). Doc. 213 at 11. In addition, interrogatories requested a description
16 the Kelly Defendants' transaction history with Wells Fargo and included a request to
17 identify all employees and documents involved in these transactions. Doc. 213-8 at 6.

18 **IV.  Remedy.**

19 Plaintiffs ask the Court to reopen discovery so that they may depose the recipients
20 of this email about its contents. Alternatively or additionally, Plaintiffs ask the Court to
21 admit the relevant emails into evidence over Defendant's objections and to sanction
22 Wells Fargo by striking its agency defense.

23 A motion to reopen discovery is a motion to modify the discovery deadline set in
24 the Court's scheduling order. Rule 16(b)(4) permits a scheduling order to be modified
25 only on a showing of good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
26 604, 609 (9th Cir. 1992). Plaintiffs have shown good cause for reopening discovery.
27 Defendants did not disclose a relevant piece of evidence until February 10, 2015, more
28

than eight months after the close of discovery.[1]

The Court finds that a limited reopening of discovery is appropriate. The Court will permit Plaintiffs to conduct up to 5 additional depositions totaling no more than 20 hours of deposition time. These may include a further deposition is Randy Lucero if Plaintiffs elect to re-depose him. Wells Fargo shall cooperate with Plaintiffs in arranging these depositions, including contacting witnesses and arranging for their appearances, if necessary. The Court will also permit Plaintiffs to serve 10 additional document production requests (including subparts) and 10 additional interrogatories (including subparts). These additional written discovery requests shall be served within 14 days of this order. The additional depositions and written discovery may inquire into the steps Wells Fargo took to preserve emails sent to and from Lucero.

This additional discovery shall be completed, including all Wells Fargo responses to the additional written discovery, by **August 28, 2015**. The parties shall place a joint conference call to the Court on **June 5, 2015**, at **4:00 p.m.**, to set a firm trial date. The Court plans to complete the trial of this case before the end of 2015. The Court will hold a status conference on **September 4, 2015**, at **3:30 p.m.**, to discuss any further issues that must be resolved before trial.

The Court concludes that Plaintiffs have not made the showing necessary for the harsh sanction of striking Wells Fargo's agency defense. Plaintiffs have not shown the connection between the alleged senior officers, the transaction at issue in this case, and Wells Fargo itself. Nor have Plaintiffs shown that Wells Fargo's late disclosure of the email was willful. The Court will not order that the newly disclosed documents are admissible, although Plaintiffs may certainly assert their admissibility at trial.

---

[1] Wells Fargo argues that Plaintiffs failed to depose Bill Gilligan when afforded the opportunity, but Plaintiffs did not know the information contained in the later-disclosed email – information that would have made Gilligan's deposition more relevant.

- 5 -

Case 2:13-cv-01312-DGC   Document 221   Filed 05/29/15   Page 6 of 6

1      **IT IS ORDERED** that Plaintiffs' motion to re-open discovery and for sanctions
2  (Doc. 213) is **granted in part and denied in part** as set forth above.
3      Dated this 29th day of May, 2015.

>                                    _____
>                                    David G. Campbell
>                                    United States District Judge

- 6 -